JACOB E. HOGLE, RESPONDENT, v. THE NEW YORK
CENTRAL AND HUDSON RIVER RAILROAD. COM-
PANY, APPELLANT. ·

*Negligence — duty of a person injured by the negligence of another, to try to diminish
the damages.*

This action was brought to recover damages occasioned to the plaintiff's woods,
by a fire alleged to have been caused by the negligence of the defendant.   Upon
the trial the defendant's counsel requested the court to charge that, when the
plaintiff discovered the fire, if he neglected to use reasonably practicable
means to suppress it, he could not recover for subsequent damages.   The
court refused, holding that as the plaintiff was not at fault in the origin of the
fire, he was not bound to make any effort to suppress it.
*Held*, that the court erred in refusing to charge as requested.

APPEAL from a judgment in favor of the plaintiff, entered upon
the verdict of a jury, and from an order denying a motion for a
new trial, made upon the minutes of the justice before whom the
action was tried.

The action was brought to recover damages for injury to the
plaintiff's woods, occasioned by a fire alleged to have been caused
by the negligence of the defendant in the management and con-
struction of its engines.

*S. W. Jackson*, for the appellant.

*D. M. Chadsey*, for the respondent.

By THE COURT:
The court was requested by the defendant to charge that when
the paintiff discovered the fire, if he neglected to use reasonably
practicable means to suppress it, he could not recover for subse-
quent damages.   The court refused, holding that as the plaintiff
was not at fault in the origin of the fire, he was not bound to make
any effort to suppress it.   We think that this was erroneous.   Let
us suppose that the plaintiff has seen a little spark of fire beginning
to spread among dry leaves; that he could have put it out with a
stamp of his foot; but that he knowingly neglected to do this, and
thus permitted the fire to extend until it destroyed several acres of
his woods.   Would it be just that he should make the defendant

pay all the damages he had suffered? Clearly not. It may be that he would not be bound to use every possible effort to suppress the fire. But the language of the request was well chosen. He should do what was reasonably practicable. To say that he need not do what he reasonably could to suppress the fire is not very far from saying that he might do what he could to increase it. The wrong done by the defendant was not intentional. And if it were in the plaintiff's power, by reasonable efforts, to prevent the increase of 'the wrong, he should use that power. (*Bevier* v. *D. and H. C. Co.*, 13 Hun, 254; *Milton* v. *Hudson R. Steamboat Co.*, 37 N. Y., 214.)

This is analogous to the rule which requires the innocent party to a broken contract of hire of services to earn what he can in other ways, and thus diminish the damages to be paid by the other party.

The judgment must be reversed and a new trial granted, costs to abide the event.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment and order reversed, new trial granted, costs to abide event.